LOTTINGER, Judge.
This is a suit in which the plaintiff, an attorney at law, seeks recovery of the sum of $1,580.30, representing professional services rendered and expenses incurred under an alleged contract of employment as counsel for the Louisiana Board of Examiners in Watchmaking.
It was alleged in the petition that plaintiff had been hired at a meeting of the board held in Alexandria in July, 1949, and that his employment was to commence as of July 1, 1949, and to extend until terminated expressly, at a salary of $100 per month. It was further alleged that at the end of the fiscal year 1949-1950, the plaintiff was not advised of the termination of his employment and that he continued to render legal services during the months of July, August and September of 1950. In the alternative, it was pleaded that in the event the court should find no express contract of employment the plaintiff was nevertheless entitled to recover on the 'basis of quantum meruit the sum of $1,580.30, which amount represented fifteen months’ work at $100 per month and $80.30 for expenses.
The defendant first filed exceptions of no right and no cause of action which were referred to the merits. In its answer, the board denied that it had ever hired the plaintiff and also denied any knowledge of any work, or trips or expenses undertaken by plaintiff. Further, the board denied ever receiving and accepting any services from the plaintiff and denied authorizing or ratifying any work or expenses on his part.
The trial judge, Honorable Carlos Spaht, after a very lengthy trial, rendered written reasons for judgment in which he found that the plaintiff had been hired at the July, 1949, meeting of the board. The trial judge found further the McGehee’s employment had been subsequently terminated but that the board had never so informed McGehee. Applying LSA-C.C. art. 2749, the court held that the plaintiff, having once been hired and not having been fired for cause, was entitled to recover for services rendered for a period of one year. Consequently, judgment was rendered and signed awarding plaintiff the sum of $1,200 as salary and $80.30 for expenses. The claim for services rendered in July, August and September of 1950 was denied on the ground that “the record fails to establish with any degree of certainty that the plaintiff did render services on a quantum meruit basis which would entitle him to recover”.
After rendition of the judgment and written reasons therefor, the defendant filed application for a rehearing and new trial. On June 26, 1951, Judge Spaht rendered judgment holding that in view of the expressions in Hartwig Moss Insurance Agency, Ltd. v. Board of Commissioners of Port of New Orleans, 206 La. 395, 19 So.2d 178, the application of LSA-C.C. art. 2749 *580 was erroneous, and that the defendant did have a right to terminate plaintiff's employment at will. The trial judge held further that plaintiff’s employment had been terminated as of September 23, 1949, and that for services rendered subsequently, his recovery would have to be based on a quantum meruit basis. The case was then, reopened in order to hear expert testimony as to the value of the services rendered between September 23, 1949 and June 30, 1950.
In compliance with the trial judge’s ruling the case was reopened and the testimony of two attorneys as to the value of the services rendered was taken. It appears that nothing was done for several months thereafter, the court having recessed for summer vacation, until the defendant filed another application for a new trial, based upon newly discovered evidence. In the meantime, it appears that Judge Spaht had resigned from the bench. Previous to his resignation Judge Spaht apparently had not ruled upon either the expert testimony or the application for a new trial, and Judge Coleman Lindsey, on April 29, 1952, denied a new trial. Finally, on May 22, 1952, judgment was rendered by Judge Lindsey awarding plaintiff the sum of $1,000 for salary and $80.30 for expenses, from which judgment the defendant has perfected a suspensive appeal.
We first address ourselves to the question of the employment, if any, of the plaintiff by the defendant. The evidence indicates that the plaintiff was interested in the watchmakers of the state and was instrumental in the passage of Act 473 of 1948, LSA-R.S. 37:1581 et seq., the legislation which created the defendant board. It is also shown that plaintiff was the first attorney for the board and served in that capacity from its formation until June 30, 1949, at a salary of $50 per month. The trial judge found, and correctly so we think, that there had developed quite a lot of friction between some of the board members and Mr. McGehee and that when the board met in Alexandria in July, 1949, there was definitely some question as to whether he would be re-employed.
Exactly what transpired at the July, 1949, meeting is one of the most seriously disputed questions presented in the case. It appears, however, that the board met on the night of July 23, and that at that time the plaintiff was appointed by a three to two vote. There is evidence that on the following morning, July 24, the board met again and voted against hiring Mr. Mc-Gehee. These two meetings were apparently treated by the board and its secretary as one, however, as the minutes for same are entitled “Minutes of the Eighth Board Meeting July 23, 24, 1949”. At any rate, the minutes for this meeting, insofar as pertinent here, reflect the following:
“George N. Adams made a motion, seconded by J. V. Warner, that Robert M. McGehee, attorney, be employed one year for $100.00 a month as salary, and that mileage and necessary expenses of travel in the discharging of duties for the Board be paid by the Board. The motion carried. Mr. McGehee appeared before the Board and the President stated the offer. After some consideration, Mr. McGe-hee accepted the employment.”
Opposite the above quoted excerpt of the minutes there appears, in longhand, a notation which reads as follows:
“This paragraph stricken from the minutes as of 10th Board meeting October 22, 1949. W. L. H.”
Following the July 23-24 meeting, the board met next on September 23, 1949, and the minutes of that meeting reflect the following :
“The minutes of the July meeting were read and approved after the incorporating of a modification by J. P. Roumain that the sum of $100.00 per month be stricken from the minutes, this pertaining to the motion by George N. Adams concerning the re-employment of R.- M. McGehee as the Board’s attorney.”
The next meeting of the board was held on October 22, 1949. It will be remembered that this was the date of the notation made in longhand opposite the above quoted ex *581 cerpt from the July 23-24 meeting. The minutes of the October 22, 1949 meeting indicate the following with reference to the matter in question:
'“The financial report was read and approved, but the minutes were not approved since it was the desire of the Board that the modification in the minutes of previous meeting be further modified so as to strike paragraph 7 in the minutes of the July meeting from the record. This paragraph pertaining to the employing of Mr. Robert M. Mc-Gehee for the year 1950.”
When parol evidence was sought to he introduced concerning the minutes, the trial judge ruled that the minutes themselves were the best evidence of the action of the board until shown erroneous or incorrect. However, the further ruling was made that parol would be allowed insofar as it pertained to whether or not the plaintiff had been notified either that he had been employed or discharged, as the case may be, and consequently the record contains a great deal of evidence with reference to the various meetings and what transpired at each.
The membership of the board at the time with which we are concerned consisted of Mr. James Roques, its president, Mr. W. L. Huckaby, its secretary, Mr. George N. Adams, Mr. J. P. Roumain and Mr. J. V. Warner. While there is much dispute as to what happened at subsequent meetings it appears clear that on July 23, a motion was made and carried that the plaintiff be hired. There is some testimony to the effect that the motion was “railroaded” and also that it was improperly voted upon as the question was called not by Mr. Roques, the president, but by the secretary, Mr. Huckaby. Be that as it may, it does appear that in some manner the motion was presented and that Mr. Huckaby, Mr. Adams and Mr. Warner voted for it.
The real dispute centers around the meeting held the following morning on July 24. According to the plaintiff, he saw the board members that morning and was informed by Mr. Roques of his employment at a salary of $100. He testified that at first he did not accept as he wanted $150, but that after some discussion, he did accept and was congratulated by the board members. He testified further that he was presented with a certified copy of an extract of the minutes concerning his employment by Mr. Huckaby (introduced into evidence as P-1) and that at no time during the period in question was he ever notified by anyone that he was discharged.
Mr. Adams stated that the plaintiff had been informed of his employment by the board on the morning of July 24. He testified that although Mr. Roumain and Mr. Roques complained that the motion had been “railroaded”, nothing was done at the July 23-24 meeting to alter or rescind the action taken. The testimony of the secretary, Mr. Huckaby, is substantially the same as that of Mr. Adams, he having stated that the minutes of the July 23-24 meeting were correct and that the action taken was not rescinded until the meeting of October 22, at which time he made the longhand notation in the margin cancelling the resolution employing Mr. McGehee.
The testimony of the other three board members is in sharp conflict with that of Mr. Huckaby and Mr. Adams. According to the president, Mr. Roques, he did, on the morning of July 24, tell the plaintiff that he had been hired, but stated to him that he felt the action was not legal and had been “railroaded”. Mr. McGehee, he stated, then suggested “Well, let’s make it legal”, whereupon the board again convened, and in Mr. McGehee’s presence, reversed the action of the evening before by a three to two vote. Mr. Warner having changed his vote.
Mr. Warner and Mr. Roumain both corroborated the testimony of Mr. Roques. Mr. Roumain stated that he, on July 24, made the motion that plaintiff’s services be terminated as of June 30, and that it was taken down by Mr. Huckaby. Mr. Warner testified that he seconded this motion and that it passed.
The trial judge concluded that because of the conflict of testimony as to what transpired on the morning of July 24, he was bound to rely upon the minutes of the board *582 which are presumed correct until the contrary he shown. Pie therefore concluded that the plaintiff had been hired at the July 23-24 meeting and was discharged on September 23, 1949. For this reason, in passing on the application for a rehearing, he stated that recovery would be allowed at the rate of $100 per month until September 23, 1949, only and that he would reopen the case to hear testimony on the question of quantum meruit.
We do not find ourselves in complete agreement with the findings of the trial judge with respect to the employment. According to our appreciation of the minutes, when considered in the light of the testimony regarding same, Mr. McGehee was in fact either never hired at all, or if it can be said that he was hired on the night of July 23, 1949, then we believe that his discharge came about the following morning. While there is testimony to the effect that plaintiff was not discharged on July 24, the minutes of the subsequent meetings and the testimony regarding same make it appear that he actually was discharged at that time. Our opinion in this regard is based largely on the fact that in neither the minutes of September 23, 1949, nor of October 22, 1949, is there mention of discharging Mr. McGehee, but rather of modifying the minutes of the July 23-24 meeting. Thus, we are disposed to accord the greater weight of the testimony of Messrs. Roques, Roumain and Warner and conclude that the plaintiff was actually never re-employed for the year 1949-1950.
We next address ourselves to the question of recovery on a quantum meruit basis. In this connection we would like to point out that the record does not conclusively show that McGehee was ever notified of his discharge and that during the period in question, i. e., from July of 1949 through September, 1950, the plaintiff did perform services relating to the work of the defendant board, at the behest of the secretary and other members of the board. He sent the defendant monthly reports and forwarded it bills for services and expenses. He did some work on behalf of the board, or which probably inured to the board’s benefit, in the 1950 session of the Legislature. He made several trips throughout the state investigating persons without proper licenses. Also he conferred with Mr. Robert I. Conran of Department of Labor and Mr. John S. Patton of the Department of Education on matters relating to the work of the board.
The record contains the testimony of Mr. Fred A. Blanche and Mr. Calvin Hardin of the Baton Rouge Bar, both of whom they answered the hypothetical question asked them by stating that they thought the sum of $3,000 would be reasonable compensation. The final judgment appealed from, it will be remembered, awarded the plaintiff $1,000 and expenses, and from this judgment the plaintiff did not appeal.
After a careful consideration of the entire record, we find the sum of $1,000 to be excessive. While undoubtedly the plaintiff performed services we do not find where he did a great deal of work or where the work performed was intricate or involved. Accordingly, the amount awarded will be reduced from $1,000 to $500 together with $80.30 for expenses and as amended, the judgment appealed from is affirmed.
Judgment amended and as amended, affirmed.